UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTOR W. PHILLIPS, | ) | 1:07-CV-00122 LJO NEW (DLB) HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #12] |
| v. | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| KATHY MENDOZA-POWERS, Warden, | ) | [Doc. #1] |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 12, 2007, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DISMISSED for violating the statute of limitations and failure to allege a cognizable federal claim. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On July 5, 2007, Petitioner filed objections to the Findings and Recommendation. Petitioner argues that he should be entitled to statutory and equitable tolling because he did not discover the

factual predicate for his claims until he researched his case following a California Supreme Court decision. As discussed by the Magistrate Judge, statutory and equitable tolling is not available.

Title 28 U.S.C. § 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The objective standard in determining when time begins to run under Section 2241(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir.2001), quoting, Owens v. Boyd, 235 F.3d 356, 359 (7th Cir.2000).

In this case, Petitioner could have discovered the factual predicate for his claims through due diligence prior to the California court decision. The relevant facts were readily available to Petitioner. As stated, the standard is not when Petitioner actually discovered the facts, but when he knew or could have discovered them. Thus, he is not entitled to tolling under 28 U.S.C. § 2241(d)(1)(D). In addition, Petitioner is not entitled to equitable tolling because he has not demonstrated that he some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued June 12, 2007, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:    July 23, 2007**                          /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE